**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-10237
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RICHARD WAYNE WELLS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-279

November 4, 1998

Before WISDOM, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

A jury convicted Richard Wayne Wells of bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 2, 1344. The district court sentenced Wells to 18 months of imprisonment, imposed a $3000 fine, and ordered him to pay $17,006.25 in restitution to the defrauded bank. Wells now appeals, arguing that (1) the evidence was not sufficient to sustain his conviction and (2) the district court erred by enhancing his sentence under U.S.S.G. § 3C1.1 for obstruction of justice. Neither contention has merit. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review Wells's challenge to the sufficiency of the evidence to see whether a reasonable trier of fact could have found that the evidence established Wells's guilt beyond a reasonable doubt.[2] To sustain a conviction for bank fraud, the Government was required to prove beyond a reasonable doubt that Wells knowingly executed or attempted to execute a scheme or artifice to defraud a financial institution by means of false or fraudulent pretenses, representations, or promises.[3] In the case at bar, the essence of the bank fraud scheme charged in the indictment was that Wells, one of the principal owners of a home construction business, submitted invoices which falsely claimed that a subcontractor had performed construction, to banks for loans. The jury heard overwhelming evidence that the invoices were fraudulent and that Wells diverted borrowed money to pay himself while subcontractors and suppliers went unpaid. Based on this evidence, the jury was entitled to infer Wells's fraudulent intent in submitting the invoices. The evidence was thus sufficient to support Wells's conviction.

We review the district court's factual finding that Wells obstructed justice for clear error.[4] Because the district court found that Wells committed perjury at trial, it was required,

---

[2] *United States v. Gonzalez*, 76 F.3d 1339, 1346 (5th Cir. 1996).

[3] *United States v. Dupre*, 117 F.3d 810, 815 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 857 (1998).

[4] *United States v. Storm*, 36 F.3d 1289, 1295 (5th Cir. 1994).

2

under § 3C1.1 of the Sentencing Guidelines, to apply a sentencing enhancement.[5]  If a defendant objects to such an enhancement, the district court "must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition."[6]  Here, the district court made the requisite independent findings that Wells committed perjury.[7]  The court's finding that Wells provided false testimony was supported by the trial testimony of several witnesses.  Moreover, in finding that Wells had provided materially false information to the court, the district court implicitly determined that the testimony satisfied the factual predicates for perjury.[8]  The court's finding that Wells obstructed justice was not clearly erroneous.

AFFIRMED.

---

[5]     *Id.*

[6]     *Id.* (quotation and citation omitted).  Perjury occurs when "[a] witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." *Id.* (quotation and citation omitted).

[7]     *See United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir. 1994).

[8]     *See id.* at 186-87.